**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
TAGORE SUBRAMANIAN (SBN 280126)
tagore@maternlawgroup.com
DANIEL J. BASS (SBN 287466)
dbass@maternlawgroup.com
1230 Rosecrans Ave., Suite 200
Manhattan Beach, CA 90266
Tel: 310.531.1900
Fax: 310.531.1901

Attorneys for Plaintiff Samantha Cornelius,
individually, and on behalf of other similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA CORNELIUS, an individual, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>JOIE DE VIVRE HOSPITALITY, LLC, a Delaware corporation; COMMUNE HOTELS AND RESORTS, LLC, a Delaware limited liability company; COMMUNE SERVICES, LLC, a California limited liability company;  THE SAGUARO PALM SPRINGS, a business form unknown; and DOES 1 through 100, inclusive.<br><br>Defendants | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT:**<br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Authorize and Permit Rest Periods<br>3. Failure to Pay Minimum Wages<br>4. Failure to Pay Overtime Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Furnish Accurate Itemized Wage Statements<br>7. Failure to Maintain Required Records<br>8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9. Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION:**<br>10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action<br><br>**COLLECTIVE ACTION:**<br>11. Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF SAMANTHA CORNELIUS ("PLAINTIFF") an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

### JURISDICTION AND VENUE

1.    The Fair Labor Standards Act ("FLSA") authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b).  This Court has original federal question jurisdiction under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.  The United States District Court for the Central District of California has jurisdiction in this matter under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

2.    PLAINTIFF is a resident of the State of California; Defendant JOIE DE VIVRE HOSPITALITY, LLC, is a Delaware corporation; COMMUNE HOTELS AND RESORTS, LLC is a Delaware limited liability company; COMMUNE SERVICES, LLC is a California limited liability company;  THE SAGUARO PALM SPRINGS, a business form unknown operates in California (collectively "DEFENDANTS").

3.    Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"), the United States District Court for the Central District of California has jurisdiction in this matter because the matter in controversy exceeds the sum value of $5,000,000, exclusive of interest and costs, and this is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from any defendant.

4.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because DEFENDANTS are subject to personal jurisdiction in this District and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**PLAINTIFF**

5.    PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

6.    PLAINTIFF was employed by DEFENDANTS as a non-exempt front office host at DEFENDANTS' hotel in Palm Springs, California from approximately September 5, 2015 to February 24, 2016

7.    PLAINTIFF brings this action on behalf of herself and the following similarly-situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").  PLAINTIFF reserves the right to name additional class representatives

8.    PLAINTIFF, on behalf herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

**DEFENDANTS**

9.    PLAINTIFF is informed and believes, and thereon allege, that JOIE DE VIVRE HOSPITALITY, LLC was, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that JOIE DE

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    VIVRE HOSPITALITY, LLC is authorized to conduct business in the State of
2    California, and does conduct business in the State of California. Specifically, JOIE
3    DE VIVRE HOSPITALITY, LLC maintains offices and facilities and conducts
4    business in, and engages in illegal payroll practices or policies in, the counties of
5    Los Angeles and Palm Springs.

6         10.   PLAINTIFF is informed and believe, and thereon allege, that
7    COMMUNE HOTELS AND RESORTS, LLC is, and at all times relevant hereto
8    was, a Limited Liability Company organized and existing under the laws of the
9    State of Delaware.  PLAINTIFFS are further informed and believe, and thereon
10   allege, that COMMUNE HOTELS AND RESORTS, LLC is authorized to conduct
11   business in the State of California, and does conduct business in the State of
12   California.  Specifically, upon information and belief, COMMUNE HOTELS AND
13   RESORTS, LLC maintains offices and conducts business in the counties of Los
14   Angeles and Palm Springs.

15        11.   PLAINTIFF is informed and believe, and thereon allege, that
16   COMMUNE SERVICES, LLC is, and at all times relevant hereto was, a Limited
17   Liability Company organized and existing under the laws of the State of California.
18   PLAINTIFFS are further informed and believe, and thereon allege, that
19   COMMUNE SERVICES, LLC is authorized to conduct business in the State of
20   California, and does conduct business in the State of California.  Specifically, upon
21   information and belief, COMMUNE SERVICES, LLC maintains offices and
22   conducts business in the counties of Los Angeles and Palm Springs.

23        12.   PLAINTIFF is informed and believe, and thereon allege, that THE
24   SAGUARO PALM SPRINGS is, and at all times relevant hereto was, a business
25   form unknown.  PLAINTIFFS are further informed and believe, and thereon allege,
26   that THE SAGUARO PALM SPRINGS is authorized to conduct business in the
27   State of California, and does conduct business in the State of California.
28   Specifically, upon information and belief, THE SAGUARO PALM SPRINGS

3

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    maintains offices and conducts business in the County of Los Angeles.

2        13.    The true names and capacities of DOES 1 through 50, inclusive, are
3    unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE
4    Defendants under fictitious names.    PLAINTIFF is informed and believes, and
5    thereon alleges, that each defendant designated as a DOE is highly responsible in
6    some manner for the events and happenings referred to herein, and that
7    PLAINTIFF's and CLASS MEMBERS' injuries and damages, as alleged herein,
8    were proximately caused by the conduct of such DOE defendants.    PLAINTIFF
9    will seek leave of the court to amend this Complaint to allege their true names and
10    capacities when ascertained.

11        14.    At all relevant times herein, DEFENDANTS were the joint employers
12    of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes,
13    and thereon alleges, that at all times material to this complaint DEFENDANTS
14    were the alter egos, divisions, affiliates, integrated enterprises, joint employers,
15    subsidiaries, parents, principals, related entities, co-conspirators, authorized agents,
16    partners, joint venturers, and/or guarantors, actual or ostensible, of each other.
17    Each defendant was completely dominated by his, her or its co-defendants, and
18    each was the alter ego of the other.

19        15.    At all relevant times herein, PLAINTIFF and CLASS MEMBERS
20    were employed by DEFENDANTS under employment agreements that were partly
21    written, partly oral, and partly implied. In perpetrating the acts and omissions
22    alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in
23    furtherance of, their policies and practices of not paying PLAINTIFF and CLASS
24    MEMBERS all wages earned and due, through methods and schemes which
25    include, but are not limited to, failing to pay overtime premiums; failing to provide
26    rest and meal periods; failing to properly maintain records; failing to provide
27    accurate itemized statements for each pay period; failing to properly compensate
28    PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring,

4

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Orders.

16.     PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

17.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**CLASS ACTION DESIGNATION**

18.     This action is appropriately suited for a Class Action because:

a.     The potential class is a significant number.  Joinder of all current and former employees individually would be impracticable.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANT's systematic course of illegal payroll practices and policies, including but not limited to: failing to provide PLAINTIFF and CLASS MEMBERS with proper meal periods by not providing any meal period at all (including second meal periods after ten hours of work) or authorizing and permitting meal periods that were less than 30 minutes, late (starting after the end of the fifth hour of work or after the end of the tenth hour of work), or interrupted; failing to provide PLAINTIFF and CLASS MEMBERS with proper rest periods by not providing any rest periods at all or providing rest periods that were less than 10 minutes, late, or interrupted; failing to pay PLAINTIFF and CLASS MEMBERS one hour of pay at each employee's regular rate of

compensation for missed meal and rest periods; failing to pay PLAINTIFF and CLASS MEMBERS for all hours worked and for hours worked off the clock, including overtime compensation; and failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS as a result of the meal period, rest period, and overtime violations. These illegal practices and policies were applied to PLAINTIFF and CLASS MEMBERS in violation of the FLSA, the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

c.     PLAINTIFF's claims are typical of the claims of the CLASS MEMBERS because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d.     PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

**FIRST CAUSE OF ACTION**

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 5-2001, § 11]**

**(Against all DEFENDANTS)**

19.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 18.

20.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period,

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    or to work through them, and have failed to otherwise provide the required meal
2    periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code
3    § 226.7, 512 and IWC Order No. 5-2001, § 11.

4         21.    During the CLASS PERIOD, PLAINTIFF and other CLASS
5    MEMBERS were required to work through or cut short their meal breaks because
6    DEFENDANTS failed to maintain adequate staffing levels.    DEFENDANTS
7    required PLAINTIFF and other CLASS MEMBERS to assist customers during
8    these breaks. DEFENDANTS regularly failed to staff enough employees to assist
9    customers while permitting PLAINTIFF and other CLASS MEMBERS to take
10    required meal breaks.

11        22.    During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS
12    were deprived of timely meal breaks.    PLAINTIFF and other CLASS MEMBERS
13    were required to remain engaged with supervisors and clients at all times,
14    regardless of how much time had passed since the start of their shifts.    Similarly,
15    PLAINTIFF and other CLASS MEMBERS were required to cover for other
16    employees, leading to breaks, when available, occurring several hours after they
17    were legally required.    As a result, PLAINTIFF and CLASS MEMBERS were
18    prevented from taking a meal break prior to the end of the fifth hour of work.

19        23.    DEFENDANTS further violated California Labor Code §§ 226.7 and
20    IWC Wage Order No. 5-2001, § 11 by failing to compensate PLAINTIFF and
21    CLASS MEMBERS who were not provided with a meal period, in accordance with
22    the applicable wage order, one additional hour of compensation at each employee's
23    regular rate of pay for each workday that a meal period was not provided.

24        24.    DEFENDANTS further violated California Labor Code §§ 226.7, 510,
25    1194, 1197, and IWC Wage Order No. 5-2001 by failing to compensate
26    PLAINTIFF and CLASS MEMBERS for all hours worked during their meal
27    periods.

28        25.    As a direct and proximate result of the aforementioned violations,

7

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 5-2001.

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001, § 12]

### (Against all DEFENDANTS)

26.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 25.

27.    During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy or practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12.  As a result of DEFENDANTS' illegal policies and practices, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely rest periods as required under California Labor Code §§ 226.7 and IWC Wage Order No. 5-2001, § 12.

28.    During the COVERED PERIOD, DEFENDANTS did not follow their own written policies to permit rest breaks.

29.    DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

30.    As a direct and proximate result of the aforementioned violations,

8

PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 5-2001.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages**

**[Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001, § 4]**

**(Against all DEFENDANTS)**

31.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 30.

32.    Pursuant to California Labor Code §§ 1194 and 1197, and IWC Wage Order No. 5-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

33.    During the CLASS PERIOD, DEFENDANTS failed to, and continue to fail to, pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things:  requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work off-the-clock; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

34.    DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked hours for which they were not compensated.

35.    DEFENDANTS' conduct described herein violates, and continues to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194; IWC Wage Order No. 5-2001, § 3]

### (Against all DEFENDANTS)

36.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 35.

37.     Pursuant to California Labor Code §§ 510 and 1194, and IWC Wage Order No. 5-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

38.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194, and IWC Wage Order No. 5-2001.

39.     During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194 and

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

IWC Wage Order No. 5-2001, § 3; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work off-the-clock; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks but not compensating them for this time and failing to include this time in their hours worked; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

40.    DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked overtime hours for which they were not compensated.

41.    In violation of California law, DEFENDANTS have knowingly and willfully refused, and continue to refuse, to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

42.    DEFENDANTS' conduct described herein violates, and continues to violate, California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 5-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

//

//

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

## Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

43.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 42.

44.   Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to discharged and quitting employees.

45.   California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

46.   Pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

47.   California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

48.   During the CLASS PERIOD, DEFENDANTS have willfully failed, and continue to willfully fail, to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

49.   As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   California Labor Code § 203, together with interest thereon, as well as other

2   available remedies.

3   **SIXTH CAUSE OF ACTION**

4   **Failure to Furnish Accurate Itemized Wage Statements**

5   **[Cal. Labor Code § 226; IWC Wage Order No. 5-2001, § 7]**

6   **(Against all DEFENDANTS)**

7       50.    PLAINTIFF incorporates herein by specific reference, as though fully

8   set forth, the allegations in paragraphs 1 through 49.

9       51.    During the CLASS PERIOD, DEFENDANTS knowingly and

10  intentionally failed, and continue to fail, to provide PLAINTIFF and CLASS

11  MEMBERS with timely and accurate itemized wage statements in writing showing

12  each employee's gross wages earned, total hours worked, all deductions made, net

13  wages earned, the inclusive dates of the period for which the employee is paid, the

14  name and address of the legal entity or entities employing PLAINTIFF and CLASS

15  MEMBERS, piece rate wages, the last four digits of PLAINTIFF's and CLASS

16  MEMBERS' social security numbers or employee identification numbers, and all

17  applicable hourly rates in effect during each pay period and the corresponding

18  number of hours worked at each hourly rate, in violation of California Labor Code

19  § 226 and IWC Wage Order No. 5-2001, § 7.

20      52.    During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS

21  suffered, and continue to suffer, injury as a result of DEFENDANTS' failure to

22  provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS

23  MEMBERS could not promptly and easily determine from the wage statement

24  alone one or more of the following: the gross wages earned, the total hours worked,

25  all deductions made, the net wages earned, the name and address of the legal entity

26  or entities employing PLAINTIFF and CLASS MEMBERS, and/or all applicable

27  hourly rates in effect during each pay period and the corresponding number of

28  hours worked at each hourly rate.

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

53.     As a direct and proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory and civil penalties, including but not limited to statutory and civil penalties pursuant to California Labor Code § 226(e) and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 5-2001, § 7]

### (Against all DEFENDANTS)

54.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 53.

55.     During the CLASS PERIOD, as part of DEFENDANTS' illegal policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226 and 1174 and IWC Wage Order No. 5-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

56.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to

California Labor Code §§ 226(e) and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

57.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 56.

58.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

59.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed, and continue to fail, to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms and other employment-related expenses, in violation of California Labor Code § 2802.

60.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).    Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

//

# NINTH CAUSE OF ACTION

## Unfair and Unlawful Business Practices

## [Cal. Bus. & Prof. Code § 17200, *et seq*.]

## (Against all DEFENDANTS)

61.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 60.

62.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure to provide meal periods, DEFENDANTS' failure to authorize and permit rest periods, DEFENDANTS' failure to pay minimum and overtime wages, DEFENDANTS' failure to pay all wages due to discharged and quitting employees, DEFENDANTS' failure to furnish accurate itemized wage statements, DEFENDANTS' failure to maintain required records, DEFENDANTS' failure to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, *et seq*.

63.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

64.     DEFENDANTS have avoided payment of wages, overtime wages, meal and rest break premium payments, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

65.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

66.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them.    PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

72.    PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 18 and the subparagraphs thereto.

73.    PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

74.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, PLAINTIFF seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 558, 1174.5, and 1197.1 and IWC Wage Order No. 5-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

75.    Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice by electronic mail to the California Labor and Workforce Development Agency ("LWDA") and DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. Within sixty-five (65) calendar days of the date of PLAINTIFF's notice, the LWDA did not provide notice to PLAINTIFF that it intends to investigate the alleged violation.

76.    Pursuant to California Labor Code §§ 2699.3(a)(1)(B), PLAINTIFF's written notice was accompanied by a filing fee of seventy-five dollars ($75) to the California Labor and Workforce Development Agency ("LWDA").

77.    Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## COLLECTIVE ACTION

## ELEVENTH CAUSE OF ACTION

**Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act**

**[29 U.S.C. § 201 et seq.]**

**(Against All DEFENDANTS)**

78.    PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 18 and the subparagraphs thereto.

79.    The FLSA, 29 U.S.C. § 201 *et seq.*, provides that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.

80.    The FLSA further provides that employees shall not be employed more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

81.    The FLSA requires, among other things, that employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce must pay employees the minimum wage for all time worked and overtime pay at their regular rate of pay.  29 U.S.C. §§ 206(a)(l) and 207(a)(l).    DEFENDANTS are subject to the requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

82.    PLAINTIFF and all similarly situated employees (the "COLLECTIVE CLASS") are victims of a uniform and company-wide compensation policy which, in violation of the FLSA, has been applied to all non-exempt employees who worked for DEFENDANTS in the State of California.

83.    DEFENDANTS have a uniform policy and practice of failing to pay PLAINTIFF and the COLLECTIVE CLASS wages and overtime compensation for all hours worked; requiring, permitting, or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting, or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest periods; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS'

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

records; and failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period.

84.    DEFENDANTS have a class-wide policy and practice of failing to pay PLAINTIFF and CLASS MEMBERS overtime wages at their regular rate of pay. DEFENDANTS' method of calculating the regular rate of pay for overtime purposes is unlawful under California and federal law.

85.    DEFENDANTS have a uniform policy and practice of not paying PLAINTIFF and the COLLECTIVE CLASS for all hours worked, including straight time and overtime compensation, and requiring employees to work passed their scheduled shift without compensation.

86.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA. DEFENDANTS' unlawful conduct, as described herein, has been willful and intentional. DEFENDANTS were aware or should have been aware that their practices were unlawful.

87.    DEFENDANTS have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, PLAINTIFFS and the COLLECTIVE CLASS are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. §216(b).

88.    By virtue of DEFENDANTS' unlawful failure to pay PLAINTIFF and members of the COLLECTIVE CLASS for all hours worked, including overtime, PLAINTIFF and the COLLECTIVE CLASS have suffered, and will continue to suffer, damages in amounts which are presently unknown to PLAINTIFF and members of the COLLECTIVE CLASS, but which will be ascertained according to proof at trial. Accordingly, DEFENDANTS are liable for unpaid wages, together with an amount equal as liquidated damages, attorney's fees and costs of this action.

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

## **PRAYER FOR RELIEF**

2        WHEREFORE, PLAINTIFF, individually and on behalf of all other persons

3   similarly situated, respectfully prays for relief against DEFENDANTS, and each of

4   them, as follows:

5        1.    For compensatory damages in an amount to be ascertained at trial;

6        2.    For restitution of all monies due to PLAINTIFF and CLASS

7   MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and

8   unlawful business practices;

9        3.    For meal and rest period compensation pursuant to California Labor

10  Code § 226.7 and IWC Wage Order No. 5-2001;

11       4.    For liquidated damages pursuant to California Labor Code §§ 1194.2

12  and 1197.1;

13       5.    For preliminary and permanent injunctive relief enjoining

14  DEFENDANTS from violating the relevant provisions of the California Labor

15  Code and the IWC Wage Order and from engaging in the unlawful business

16  practices complained of herein;

17       6.    For waiting time penalties pursuant to California Labor Code § 203;

18       7.    For statutory and civil penalties according to proof, including but not

19  limited to all penalties authorized by the California Labor Code §§ 226(e) and

20  §§ 2698-2699.5;

21       8.    For interest on the unpaid wages at 10% per annum pursuant to

22  California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287

23  and 3288, and/or any other applicable provision providing for pre-judgment

24  interest;

25       9.    For reasonable attorneys' fees and costs pursuant to California Labor

26  Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, 29 U.S.C. § 216(b), and

27  any other applicable provisions providing for attorneys' fees and costs;

28       10.   For declaratory relief;

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

11.     For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth causes of action as a class action;

12.     For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel;

13.     For an order certifying that the collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

14.     All unpaid wages and overtime compensation, and an additional and equal amount as liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b); and

15.     For such further relief that the Court may deem just and proper

DATED:  February 21, 2017            Respectfully submitted,

                                     MATERN LAW GROUP, PC
                                     Matthew J. Matern
                                     Tagore Subramaniam
                                     Daniel J. Bass


                             By:     /s/ Matthew J. Matern
                                     Attorneys for Plaintiff
                                     SAMANTHA CORNELIUS

1

## **DEMAND FOR JURY TRIAL**

2          PLAINTIFF hereby demands a jury trial with respect to all issues triable of

3   right by jury.

4

5   DATED:  February 21, 2017          Respectfully submitted,

6                                     MATERN LAW GROUP, PC
                                      Matthew J. Matern
7                                     Tagore Subramaniam
                                      Daniel J. Bass

8

9                                By:   /s/ Matthew J. Matern
                                      Attorneys for Plaintiff
10                                     SAMANTHA CORNELIUS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT